Mr. Justice De Jesús did not participate herein.

JESÚS DELGADO GARCÍA, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent.

No. 1507. Argued March 1, 1943.—Decided March 17, 1943.

*R. Díaz Collazo* for petitioner. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

Mr. Justice Snyder delivered the opinion of the court.

At the behest of the petitioner, we issued a preliminary writ of certiorari in this case to determine if the district court had abused its discretion in refusing to grant to a defendant in a criminal case an extension of time to prepare and file a transcript of evidence to be used on appeal to this court from the sentence of the district court.

On January 14, 1941 the *Fiscal* filed an information charging the petitioner with murder, allegedly committed on November 18, 1940. During the next five months the petitioner filed three motions and a demurrer, all of which were overruled by the district court. On June 23, 1941 the petitioner requested and obtained a postponement of the trial on the ground that his principal witness was unable to attend the trial, the case then being set for trial on July 29, 1941. On July 23, 1941 the petitioner asked for another postponement of the trial because his attorney was in continental United States. This was granted, and the case reset for trial on November 18, 1941. On that date the petitioner

was tried. He was convicted by a jury of voluntary manslaughter.

On November 24, 1941 the petitioner asked that sentence be deferred pending a proposed motion for new trial. The lower court granted 20 days for this purpose, and ordered the court reporter to transcribe the testimony which would serve as a basis for the said motion. A second extension, expiring January 15, 1942, was given to the petitioner for the same purpose. On January 13, 1942 the petitioner asked for a third extension for this purpose. This was refused, and the lower court set February 2, 1942 as the date of sentence. The court on that date sentenced the petitioner to three years' imprisonment and, finding him guilty of the charge of illegally carrying arms, sentenced him to a month in jail therefor. On the same day the petitioner appealed both sentences to this court.

On February 9, 1942 the petitioner sought and obtained an order requiring the reporter to transcribe the testimony adduced at the trial for purposes of appeal. Thereafter, the district court granted the petitioner *eleven* extensions to file the transcript of testimony, the last of which was granted on December 28, to expire January 30, 1943. By this time a year had elapsed since the notice of appeal was filed.

At this stage of the case, the court reporter, on January 18, 1943, filed a motion reading in part as follows:

". . . the undersigned has at all times been disposed to prepare this transcript within the terms allowed him, and that he has not done so to date solely because the defendant-appellant has paid him only $10.00 on account of his fees, which amount to the sum of $100.00".

Whereupon the district court on January 20 entered an order requiring the petitioner to deposit within five days the sum of $90 still due the reporter, and granted a final extension of twenty days to file the transcript of evidence. Nevertheless, on the next day, January 21, the petitioner filed a

motion alleging that he could not raise $90 on such short notice, and asking for an extension until February 28 to deposit the same in court. On January 25 the district court, passing on this motion, granted another extension until February 10 to consign the $90. The petitioner appeared on February 2 with still another motion, asking for another extension of thirty days within which to file the transcript, alleging that he had reached an agreement with the reporter under which the latter would prepare the transcript for $75, $25 of which had already been paid to him, but that it was impossible for the petitioner to obtain the remaining $50 within the time fixed by the court.

In an extensive order in which the aforesaid facts are set forth in detail, the district court, on February 15, 1943, denied this last motion for an extension. It is this order of February 15 which is the object of our present review. Petitioner complains that it "arbitrarily, unreasonably and unjustly cancels" his right of appeal, which according to him, he has been diligently prosecuting.

We are unable to agree with the petitioner that he has been diligent in the prosecution of his appeal. The record reflects diligence on his part. But this diligence has been directed almost entirely toward postponement rather than prosecution of his trial and his appeal. Indeed, even apart from the many postponements, most of which seem wholly unnecessary to us, the petitioner made no attempt to comply with Rules 31–33 of the Rules for the District Courts of Puerto Rico (Revised edition, 1941), requiring him to consign the reporter's fees within 20 days of his request for a transcript of the evidence. Notwithstanding this provision, the petitioner obtained 13 extensions, covering more than a year, to file a transcript which was apparently being held up, at least in the latter stages, due to his failure to deposit the money in payment therefor. Short of an allegation of insolvency, entitling him to proceed in *forma pauperis,* which

572

he has never made, it ill becomes the petitioner to contend at this late date that he is unable to raise the fee of $50 after repeated extensions have been granted for this purpose.

Far from abusing his discretion, the district judge acted wisely in bringing to a close an intolerable situation. In this connection, we feel it is appropriate to say that it is our considered judgment that the prosecution of criminal appeals to this court are unduly delayed in many instances. The parties and the lower courts should unite to obtain the prompt dispatch of criminal cases, including the perfection and disposition of appeal therein. Such cases have the first call on the time of counsel, and should be the first order of business for the courts, to the end that the final judgment of punishment for the guilty and of vindication for the innocent shall be entered as speedily as possible. Those responsible for the effective administration of justice in this community might well follow the example of the district judge in this case.

The writ of certiorari will be discharged.

Mr. Justice De Jesús did not participate herein.